IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnnie Massey, | C/A No.: 1:18-2702-TMC-SVH |
| Plaintiff, | |
| vs. | ORDER |
| Andrew M. Saul,[1] Commissioner of Social Security Administration, | |
| Defendant. | |

This matter comes before the court on a review of the pleadings in this case. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The two issues before the court are whether the Commissioner's findings of fact are supported by substantial evidence and whether he applied the proper legal standards.

A review of the pleadings suggests the case may be subject to reversal and remand based on the ALJ's failure to resolve an apparent conflict between the *Dictionary of Occupational Titles* ("*DOT*") and the vocational

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Fed. R. Civ. P. 25(d), Saul is substituted for Nancy A. Berryhill.

expert's testimony. Therefore, the undersigned permits the Commissioner until October 16, 2019, to submit a supplemental brief:

(1) Explaining your argument that no conflict exists between general educational development ("GED") reasoning level two and the provision in the residual functional capacity ("RFC") assessment for simple, routine, repetitive tasks in light of decisions in the following cases: *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019); *Taylor v. Berryhill*, No. 0:17-3419-CMC, 2019 WL 1397187 (D.S.C. Mar. 28, 2019); *Abstance v. Berryhill*, No. 9:18-109-RMG, 2019 WL 669799, at *3 (D.S.C. Feb. 19, 2019); *Williams v. Comm'r*, No. 2:17-864, 2018 WL 4501239, at *3 (D.S.C. Sept. 20, 2018); *Iliescu v. Berryhill*, No. 4:17-1067, 2018 WL 2173793, at *2 (D.S.C. May 11, 2018); *Piner v. Berryhill*, No. 1:17-317, 2017 WL 4712084, at *13–14 (D.S.C. Sept. 28, 2017); and *Pressley v. Berryhill*, No. 8:16-2716, 2017 WL 4174780, at *10 (D.S.C. Aug. 24, 2017); and

(2) Reconciling your argument that Plaintiff's attorney should have questioned the VE regarding apparent conflicts between the *DOT* and the RFC described in the hypothetical question with the Fourth Circuit's recognition of an ALJ's affirmative duty to identify conflicts between the VE's testimony and the *DOT*, as discussed in *Pearson v. Colvin*, 810 F.3d 204, 210 (4th Cir. 2015) and *Henderson v. Colvin*, 643 F. App'x 273, 277 (4th Cir. 2016).

The parties are hereby advised that the undersigned may schedule the case for hearing upon review of the Commissioner's supplemental brief.

IT IS SO ORDERED.

*Shiva V. Hodges*

October 2, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

2